UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 1:06-cr-00136-KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| David John Depew, Jr., | |
| Defendant. | |

In 2007, defendant David John Depew, Jr., pleaded guilty to and was convicted of one count of receiving or distributing material involving the sexual exploitation of minors. *See* Indictment, ECF No. 7; Mins., ECF No. 33; Plea Agreement, ECF No. 34; Judgment & Commitment, ECF No. 36. The previously assigned district judge imposed a sentence of 120 months' imprisonment and 120 months' supervised release. *See* Judgment & Commitment at 2–3. The court imposed several special conditions on his period of supervised release, including that Depew must not "loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18." *Id.* at 4.

In March 2024, the Probation Office alleged Depew had violated the terms of his supervised release. *See* Order re Violation Pet., ECF No. 41. After further investigation, the Probation Office ultimately alleged Depew had been arrested for inflicting injury on a cohabitant, used marijuana, lied to a probation officer, possessed unauthorized electronic devices and child

1  sexual exploitation material, and had "attended his girlfriend's daughter's school" in violation of
2  the loitering condition.  *See* Order re Second Superseding Violation Pet. at 3–4, ECF No. 55.  A
3  probation officer had found a photograph showing Depew at his girlfriend's daughter's school on
4  an electronic device officers had seized from his car or home.  *See id.* at 5–6.

5        The court held an evidentiary hearing on June 25, 2024.  *See* Hr'g Mins., ECF No. 64.
6  The government presented the photo and testimony authenticating it.  The government did not
7  rely on other evidence to show Depew had violated the loitering condition.  At the conclusion of
8  the hearing, the court found the government had met its burden to prove Depew had used
9  marijuana, lied to a probation officer, and possessed unauthorized devices and child sexual
10 exploitation material.  *See id.*  As to the loitering charge, however, the court permitted the parties
11 to submit supplemental briefs on the definition of "loiter" as it related to the evidence the parties
12 had presented.  *See id.*

13       The parties have now filed their supplemental briefs.  The parties do not propose
14 meaningfully different definitions of the word "loiter."  The government proposes that "loiter"
15 means "remaining in a certain place (such as a public street) for no apparent reason" or "to delay
16 an activity with idle stops and pauses."  Gov't Suppl. Br. at 2 (first quoting *Loiter*, Black's Law
17 Dictionary (11th ed. 2019), then quoting *Loiter*, Merriam-Webster Online Dictionary[1]).  Depew
18 relies on California law, which defines "loiter" as "lingering" in a specific place "for the purpose
19 of committing a crime as opportunity may be discovered" or "to delay, linger, or to idle about a
20 school or public place without lawful business for being present."  Def.'s Suppl. Br. at 2 (first
21 quoting *Ex parte Cregler*, 56 Cal. 2d 308, 311–12 (1961), then quoting Cal. Pen. Code
22 § 653b(d)).  Nor do the parties dispute that the Ninth Circuit has affirmed supervised release
23 conditions that forbid defendants from "loitering" within 100 feet of a school, without adopting a
24 controlling definition of "loitering."  *See* Gov't Suppl. Br. at 2 (citing *United States v. Peterson*,
25 776 F. App'x 533, 535 (9th Cir. 2019) (unpublished); *United States v. Rearden*, 349 F.3d 608,
26 620 (9th Cir. 2003); *United States v. Bee*, 162 F.3d 1232, 1235 (9th Cir. 1998)).

---

[1] https://www.merriam-webster.com/dictionary/loiter (visited July 9, 2024).

Having reviewed the parties' supplemental briefs, the court finds the government has not carried its burden to prove by a preponderance of the evidence that Depew "loitered" within 100 feet of a school, regardless of which definition the court might adopt. The photograph and testimony offered at the evidentiary hearing show only that Depew was present at a school, not that he lingered, remained there idly without any apparent purpose, waited there for an opportunity to commit a crime, or delayed without reason.

The court therefore finds the government has not carried its burden to prove the allegations in charge 7 by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3).

IT IS SO ORDERED.

DATED: August 26, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE